MOLLIE STUBBLEFIELD v. STATE.

No. A-3198—Opinion Filed April 21, 1919.

(179 Pac. 253.)

**INTOXICATING LIQUORS—Unlawful Possession—Sufficiency of Evidence.** In a prosecution for unlawful possession of intoxicating liquor, the evidence considered, and **held** sufficient to support the verdict and judgment of conviction.

*Appeal from County Court, Tulsa County;*
*H. L. Standeven, Judge.*

Mollie Stubblefield was convicted of a violation of the prohibitory liquor law, and appeals. Affirmed.

*Edward P. Marshall* for plaintiff in error.

The Attorney General and *W. C. Hall*, Asst. Atty. Gen., for the State.

DOYLE, P. J. The information in this case was filed in the county court of Tulsa county on the 29th day of March, 1916. It charges that on the 28th day of March, 1916, Mollie Stubblefield did have in her possession certain intoxicating liquors, to wit, 2 gallons of "White Mule" and 18 half pints of "White Mule," with intent to violate provisions of the prohibitory liquor law of the state of Oklahoma.

It appears that the case was continued from term to term on defendant's application until the 17th day of September, 1917. The only testimony introduced was that of R. R. Reynolds, deputy sheriff, who testified that he was acquainted with the defendant, Mollie Stubblefield; that she lived in the 400 block on East First street, Tulsa; that on the 28th day of March, 1916, he went there with a search warrant and found Mrs. Stubblefield and her daughter; that in searching the place he found 18 half-pints of White Mule, or diluted alcohol, and 2 gallons of alcohol in a 5-gallon bottle; that the half pints were found between the mattress and the springs of the bed in the east room, and the 5-gallon bottle containing the alcohol was sitting on the floor at the foot of the bed.

On September 18, 1917, the court rendered judgment in pursuance of the verdict and sentenced the defendant to

be confined for 30 days in the county jail and to pay a fine of $50. It is urged that the information fails to charge a public offense, in that it does not state the facts which are essential to constitute the offense intended to be charged.

It appears from the record that the information was not challenged in any manner in the court below. No demurrer thereto was filed, and there was no objection made to the introduction of evidence, and no motion in arrest of judgment. Only prejudicial error raised by exceptions reserved requires a new trial, and it is only when we are satisfied that the verdict was contrary to law, or to the evidence, or that injustice has been done, that we are permitted to reverse a conviction, whether or not an exception has been taken in the trial court.

Several errors assigned question the sufficiency of the evidence to support the verdict. It is only when there is no substantial evidence to support the verdict that this court will interfere, and the facts disclosed by the record in this case do not bring it within that rule.

Finding no reversible error in the record, the judgment is affirmed.

ARMSTRONG and MATSON, JJ., concur.